```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

TIMOTHY ALAN CONNELL,

                Plaintiff,

v.                                  Case No. 3:10-cv-730-J-32MCR

SHAWN E. SWAIN, et al.,

                Defendants.
_____

## ORDER

    1.   Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to set forth his claim(s) adequately, he will be required to file an amended complaint.[1]

    In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form.

---

[1] In particular, Plaintiff cites and quotes numerous provisions of the Florida Administrative Code. Plaintiff should omit these lengthy quotations from his amended complaint. Plaintiff may file a separate memorandum of law in support of his amended complaint, if he so desires.

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint in the section entitled "Statement of Facts," Plaintiff should clearly describe <u>how</u> <u>each named</u> <u>Defendant</u> is involved in the alleged constitutional violation(s). Plaintiff must provide support in the statement of facts for the claimed violations. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>See L.S.T., Inc., v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff must also allege how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

Plaintiff should be aware that <u>respondeat</u> <u>superior</u> has clearly been rejected as a theory of recovery under section 1983.

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>Gonzalez</u>, --- F.3d at ----, 2003 WL

2

>       1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability).

Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

The **Clerk** shall send Plaintiff a civil rights complaint form. To amend his Complaint, Plaintiff should completely fill out the new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original Complaint. After completing the new form, Plaintiff should mail it to the Court with a copy for each Defendant.

Plaintiff shall file his amended complaint as described above within **THIRTY (30) DAYS** from the date of this Order. Plaintiff's failure to file the amended complaint and/or failure to submit one copy of the amended complaint for each named Defendant will result in the dismissal of this action without further notice for Plaintiff's failure to prosecute under Local Rule 3.10(a).

2.   Plaintiff's Affidavit of Indigency (Doc. #2), construed as a motion to proceed in forma pauperis, is **DEFERRED** until Plaintiff submits additional financial documentation. Accordingly, the **Clerk of Court** shall send a Prisoner Consent Form and Financial Certificate to Plaintiff. Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall **either** file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if

3

Plaintiff does not desire to proceed as a pauper). Failure to do so or to explain noncompliance within the allotted time will result in the **dismissal** of this action **without further notice**.

    **DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

ps 8/23
c:
Timothy Alan Connell